UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 14-168 (MJD/LIB)

UNITED STATES OF AMERICA,

        Plaintiff,             **PRELIMINARY ORDER
   OF FORFEITURE**

v.

2. QUONTRELL MARTELL BANNER, and
3. KENNETH MELVIN VINSON,

        Defendants.

Based on the United States' motion for a Preliminary Order of Forfeiture; on the Plea Agreements entered into between the United States and the defendants Quontrell Martell Banner and Kenneth Melvin Vinson; and on the Court's determination that, based on the Plea Agreements entered into by the defendants and based on all of the files and records of this proceeding, the government has established the requisite nexus between such property and the offenses to which the defendants have pled guilty,

IT IS HEREBY ORDERED that:

1. The Motion of the United States for a Preliminary Order of Forfeiture [Docket No. 145] is GRANTED;

2. The C.G. Haenel .25 caliber pistol, bearing serial number 24054, the Bersa, model Thunder 9, 9 millimeter caliber semiautomatic pistol, bearing serial number 03075, and any and all accessories and ammunition seized in connection therewith, including 11 assorted rounds of .9 caliber ammunition and 6 CBC - Brazilian Cartridge

Company rounds of .25 caliber ammunition (the "Property"), are forfeited to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c);

3. The Attorney General or his authorized designee may seize and maintain custody and control of the Property pending the entry of a Final Order of Forfeiture;

4. The United States shall, pursuant to 21 U.S.C. § 853(n)(1) as incorporated by 28 U.S.C. § 2461(c), publish and give notice of this Order and its intent to dispose of the Property in such manner as the Attorney General may direct;

5. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of his sentencing, and shall be made a part of his sentence and included in the criminal judgment;

6. Following the Court's disposition of all petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the Property and may warrant good title to any subsequent purchaser or transferee; and

7. This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).

Dated:  December 29, 2014                    s/ Michael J. Davis
                                             Michael J. Davis, Judge
                                             United States District Court